Mr. Ray E. Carper Property Tax Administrator 623 State Centennial Building 1313 Sherman Street Denver, Colorado 80203
Dear Mr. Carper:
This is to respond to your request for an opinion as to whether the open space provisions of H.B. 1452, enacted in 1977, apply to parcels of land in excess of 35 acres.
QUESTION PRESENTED AND CONCLUSION
Do the open space provisions of H.B. 1452 (1977 Session) apply to parcels of land in excess of 35 acres?
My conclusion is "yes."
ANALYSIS
C.R.S. 1973, 39-1-101(7.5) defines "land used for open space residential purposes" as "land of up to thirty-five acres, part of which is used for residential and related purposes and part of which is used for open space."
The question is whether the first 35 acres of a 40 or 80 acre parcel are entitled to open space treatment for assessed valuation.
The law is ambiguous as to whether there is an absolute 35-acre maximum on the size of a parcel eligible for the open space classification or whether the first 35 acres of a larger parcel would also be eligible. Because of the statutory ambiguity, an effort has been made to determine the intent of the General Assembly (C.R.S. 1973, 2-4-203)).
Tapes of hearings of the House and Senate Finance Committees on H.B. 1452 and S.B. 88 (also containing an open space provision) have been listened to. Sponsors of the bills have been contacted in an effort to benefit from their intent and recollections.
To be candid, no clear intent has emerged. The tapes are unclear, as discussions on open space either did not address this question, or resulted in contradictory statements. The primary Senate sponsor of S.B. 88, and of an open space classification, was Senator Joe Schiefflin, who did not recall this question being discussed, and who did not recall any intent in this regard, other than to encourage maximizing open space in Colorado. Representative Bev Bledsoe, the primary sponsor of H.B. 1452, did not recall this specific question being directly addressed, but felt the intention was to allow the first 35 acres open space treatment.
Other individuals who sat through these hearings also have contradictory recollections.
The broad intent of the General Assembly was to encourage open space. The 35-acre figure was chosen over the 40-acre figure in S.B. 88 because of the restriction on subdividing parcels 35 acres or smaller. There was also a sense expressed that most parcels in excess of 35 acres will be agricultural.
It therefore seems more in keeping with the broadly-expressed goal of the proponents of the open space provisions to interpret C.R.S. 1973, 39-1-101(7.5) to apply to the first 35 acres of a larger parcel, as well as to smaller parcels, and aggregations of smaller parcels. Of course, the other statutory criteria must be met for land to be classified as "open space residential."
SUMMARY
It is my opinion that "land used for open space residential purposes," defined as "land of up to thirty-five acres . . ." includes the first 35 acres of a parcel. This opinion presumably reflects the broad purposes of the statute, and the broad goals of the General Assembly.
Very truly yours,
 J.D. MacFARLANE Attorney General
LAND USE
H.B. 1452 (1977) S.B. 88 (1977)
C.R.S. 1973, 39-1-101(7.5) C.R.S. 1973, 2-4-203
LEGISLATIVE BRANCH LOCAL AFFAIRS, DEPT. OF Property Taxation, Div. of
"Land used for open space residential purposes" under C.R.S. 1973, 39-1-101(7.5) includes the first 35 acres of a parcel.